# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### OCALA DIVISION

UNITED STATES OF AMERICA

VS.                                              CASE NO. 5:02-cr-36-JA-PRL

LAFAYETTE DEMETRIUS
BOYLE

## ORDER

This case is before the Court on the Defendant's motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A) and U.S.S.G. § 1B1.13 (Doc. 181) and the Government's response (Doc. 184). Having considered the parties' submissions, the Court finds that the motion must be denied.

In January 2003, the Defendant was found guilty of seven counts relating to the distribution of crack cocaine and was sentenced to life imprisonment without release on one count and terms of thirty years in prison on the other counts concurrent with each other and with the life sentence. (Doc. 77 at 1–2). On the Defendant's motion, (*see* Doc. 144), the life sentence was reduced to thirty years under the First Step Act. (Doc. 146 at 7). The Defendant is incarcerated at Coleman Medium FCI in Sumterville, Florida, is forty-nine years old, and is projected to be released on October 5, 2027. *See* BOP Inmate Locator at https://www.bop.gov/inmateloc/ (last accessed on February 13, 2024).

A "district court has no inherent authority to modify a sentence; it may do so only when authorized by a statute or rule." *United States v. Puentes*, 803 F.3d 597, 606 (11th Cir. 2015). 18 U.S.C. § 3582(c)(1)(A) authorizes a district court to reduce a defendant's sentence if the district court finds that "extraordinary and compelling reasons warrant [the] reduction," that the factors set forth in 18 U.S.C. § 3553(a) favor the reduction, and that the "reduction is consistent with applicable policy statements issued by the Sentencing Commission." The applicable policy statement is found at U.S.S.G. § 1B1.13. *See United States v. Giron*, 15 F.4th 1343, 1346 (11th Cir. 2021). This policy statement requires that "the defendant [receiving the sentence reduction] is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." U.S.S.G. § 1B1.13(a)(2). The policy statement also defines "extraordinary and compelling reasons" for 18 U.S.C. § 3582(c)(1)(A) to cover a defendant's medical circumstances, age, family circumstances, and sexual or physical abuse by a prison official, "any other circumstance or combination of circumstances that, when considered by themselves or together with any of [these] reasons . . . are similar in gravity to" them, and under certain circumstances, a defendant's "unusually long sentence" in light of "a change in the law." U.S.S.G. § 1B1.13(b).

In his motion, the Defendant appears to offer two main "extraordinary and compelling reasons" for his compassionate release: an unusually long sentence and his medical circumstances. (*See* Doc. 181 at 5–21). First, the

2

Defendant contends that "[i]f [he] were sentenced today, he would not be incarcerated, but would have been released . . . over five . . . years ago" based on changes in the law. (*Id.* at 5–8). And second, he maintains that he suffers from several serious medical conditions that his prison lacks the ability to treat properly. (*Id.* at 9–10). Additionally, he mentions his in-prison rehabilitation but acknowledges that he cannot base his compassionate-release motion on his rehabilitation alone. (*Id.* at 10). Regarding the section 3553(a) factors, the Defendant implicitly argues that they favor a reduction for him because, on average, a sentence of twenty-two to twenty-five years in prison is sufficient for murder and because convicted murderers sentenced to life imprisonment have received reductions in various cases. (*Id.* at 12–16). The Defendant also discusses reductions received by organized-crime and drug defendants arguably more "similarly situated" to him than the murderers are and, in so doing, seems to argue that he is as deserving of a reduction as these other defendants were. (*Id.* at 17–21). The Defendant further asserts that the serious nature of his crack-cocaine offenses does not preclude the Court from reducing his sentence. (*Id.* at 11–12).

The compassionate-release motion must be denied for three reasons. First, the Defendant does not establish that he is not a danger to the community. (*See id.* at 5–21). *See* 18 U.S.C. § 3582(c)(1)(A); U.S.S.G. § 1B1.13(a)(2). As the Government points out, the offenses for which the Defendant was sentenced

were serious; his extensive criminal history includes violent crimes, firearm and drug offenses, and probationary violations; and he has committed several disciplinary infractions in prison. (Doc. 184 at 12–14). Accordingly, if released now, the Defendant would pose a danger to the community.

Second, and relatedly, the section 3553(a) factors counsel against a sentence reduction. *See* 18 U.S.C. § 3553(a). For example, the nature of the Defendant's crack-cocaine offenses was serious, and his history of crimes, probationary violations, and disciplinary infractions indicates his dangerousness and shows his lack of respect for the law. *See id.* § 3553(a)(1). Thus, if reduced as requested, the Defendant's sentence would not "reflect the seriousness of" his offenses, "promote respect for the law," "provide just punishment for" his offenses, "afford adequate deterrence to criminal conduct," or "protect the public from [his] further crimes." *See id.* § 3553(a)(2)(A)–(C). Moreover, the Defendant's health records and other documentation demonstrate that he is getting medical care and other correctional treatment in prison. *See id.* § 3553(a)(2)(D). Overall, the Court has considered the section 3553(a) factors and determined that they do not support a sentence reduction.

Lastly, the Defendant fails to show an extraordinary and compelling reason for a reduction. Although U.S.S.G. § 1B1.13(b)(6) provides that an "unusually long sentence" in light of "a change in the law (other than an amendment to the Guidelines Manual that has not been made retroactive) may

be considered in determining whether [a] defendant presents an extraordinary and compelling reason," this provision can be applied "only where such change [in the law] would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed" and only "after full consideration of the defendant's individualized circumstances." Here, for the reasons discussed above, the Defendant's "individualized circumstances" support that his current sentence is not "unusually long" but is just long enough to achieve the purposes in section 3553(a)(2). Furthermore, the Defendant does not establish the required "gross disparity." (*See* Doc. 181 at 5–21). Given the nature of his offenses and his criminal history, the Court does not agree that if he were sentenced under today's laws, he would have been released five years earlier. (*Id.* at 8–9). And the comparisons that he makes to sentences that fall between twenty and thirty years in prison, (*id.* at 11–15), do not establish a gross disparity with his thirty-year sentence. In general, the Defendant fails to probe his comparators sufficiently to account for his "individualized circumstances" and to prove any disparity, let alone "a gross disparity between the sentence" that he is serving "and the sentence likely to be imposed [on him] at the time" he filed his motion. U.S.S.G. § 1B1.13(b)(6).

The Defendant's medical reason fares no better. He does not establish that he suffers from "a serious and advanced illness with an end-of-life trajectory," *id.* § 1B1.13(b)(1)(A), a condition "that substantially diminishes [his]

5

ability . . . to provide self-care within" the prison "and from which he . . . is not expected to recover," id. § 1B1.13(b)(1)(B)(iv), or "a medical condition that requires long-term or specialized medical care that is not being provided," id. § 1B1.13(b)(1)(C), or that there is (or is an "imminent risk of") "an ongoing outbreak of infectious disease" or a "public health emergency" at his prison, id. § 1B1.13(b)(1)(D)(i). (See Doc. 181 at 9–10). In fact, the Defendant's in-prison medical records show that he has received regular care for his health conditions. (See id. at 30–44).

Accordingly, it is **ORDERED** that the Defendant's motion for compassionate release (Doc. 181) is **DENIED**.

**DONE** and **ORDERED** on February 14, 2024.

JOHN ANTOON II
United States District Judge

Copies furnished to:
United States Marshal
United States Attorney
United States Probation Office
United States Pretrial Services Office
Counsel for Defendant
Lafayette Demetrius Boyle

6